UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| SATHEESH KANNAN MARIMUTHU, et al.,     Plaintiffs | CIVIL ACTION<br>NO: 1:13-cv-499 |
| v. | DISTRICT JUDGE<br>MARCIA A. CRONE |
| SIGNAL INTERNATIONAL, LLC, et al,<br>    Defendants | MAGISTRATE JUDGE<br>ZACK HAWTHORN |

# ANSWER TO MARIMUTHU PLAINTIFFS' FIRST AMENDED COMPLAINT ON BEHALF OF SACHIN DEWAN AND DEWAN CONSULTANTS PVT. LTD.

NOW INTO COURT, through undersigned counsel, come Sachin Dewan and Dewan Consultants Pvt. Ltd. ("Dewan Consultants") (collectively referred to as the "Dewan Defendants"), who hereby answer plaintiffs' First Amended Complaint ("FAC") as follows:

1.-3.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.[1]

4.

The allegations set forth in this paragraph of plaintiffs' FAC are denied for as written.

5.

The allegations set forth in this paragraph of plaintiffs' FAC are denied.

---

[1] The number used for each answer herein refers to the numerical paragraph or paragraphs utilized by plaintiffs in their FAC.

1

6.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

7.-.8

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

9.-11.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

12.-16.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

17.-18.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

19.

The allegations set forth in this paragraph of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

20.

The allegations set forth in this paragraph of plaintiffs' FAC are denied.

21.

The allegations set forth in this paragraph of plaintiffs' FAC are denied, except to admit that plaintiffs have brought these claims for alleged damages.

22.-26.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

27.-49.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

50.

The allegations set forth in this paragraph of plaintiffs' FAC are denied, except to admit that Dewan Consultants Pvt. Ltd. is a private limited liability company organized under the laws of India, and that he is a director of Dewan Consultants.

51.

The allegations set forth in this paragraph of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

52.-54.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

55.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

56.

The allegations set forth in this paragraph of plaintiffs' FAC are denied.

57-60.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

61.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

62.

The allegations set forth in this paragraph of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

63.

The allegations set forth in this paragraph of plaintiffs' FAC are denied.

64.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

65.-67.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied as written.

68.

The allegations set forth in this paragraph of plaintiffs' FAC are denied.

69.-71.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied as written.

72.

The allegations set forth in this paragraph of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

73.-74.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied as written.

75.

The allegations set forth in this paragraph of plaintiffs' FAC are denied.

76.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

77.

The allegations set forth in this paragraph of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

78.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

79.-82.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

83.-87.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

88.-89.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

90.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

91.-102.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

103.-104.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

105.-107.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

108.

The allegations set forth in this paragraph of plaintiffs' FAC are denied.

109.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

110.-117.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

118.

The allegations set forth in this paragraph of plaintiffs' FAC are denied as written.

119.-121.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied for lack of sufficient information to justify a belief therein.

122.-125.

The allegations set forth in these paragraphs of plaintiffs' FAC require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied as written.

126.

The allegations set forth in this paragraph of plaintiffs' FAC are denied with respect to the assertion that Burnett entered into an attorney-client relationship with Dewan. The remainder of this paragraph is denied for lack of sufficient information to justify a belief therein.

127.

The allegations set forth in these paragraphs of plaintiffs' FAC require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied as written.

128.

The allegations set forth in this paragraph of plaintiffs' FAC are denied with respect to the assertion that Burnett entered into an attorney-client relationship with Dewan. The remainder of this paragraph is denied for lack of sufficient information to justify a belief therein.

129.-138.

The allegations set forth in these paragraphs of plaintiffs' FAC require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied as written.

139.

The allegations set forth in this paragraph of plaintiffs' FAC stating that Sachin Dewan and/or Dewan Consultants Pvt. viewed the Indian workers as an exploitable source of fees is denied. The remaining allegations require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied as written.

140.-144.

The allegations set forth in these paragraphs of plaintiffs' FAC require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied as written.

145.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

145.-172.

The allegations set forth in these paragraphs of plaintiffs' FAC require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied for lack of sufficient information to justify a belief therein.

173.-182.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied as written.

183. - 363.

The allegations set forth in this paragraph of plaintiffs' FAC are denied.

364.

The allegations set forth in this paragraph of plaintiffs' FAC require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied.

365.-379.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

380.

The allegations set forth in this paragraph of plaintiffs' FAC require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied.

381.-392.

The allegations set forth in this paragraph of plaintiffs' FAC require no answer from the Dewan Defendants.  However, out of an abundance of caution, said allegations are denied.

393.-394.

The allegations set forth in this paragraph of plaintiffs' FAC require no answer from the Dewan Defendants.  However, out of an abundance of caution, said allegations are denied.

395.-398.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

399.-400.

The allegations set forth in this paragraph of plaintiffs' FAC require no answer from the Dewan Defendants.  However, out of an abundance of caution, said allegations are denied.

401.-412.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

413.-414.

The allegations set forth in this paragraph of plaintiffs' FAC require no answer from the Dewan Defendants.  However, out of an abundance of caution, said allegations are denied.

415.-423.

The allegations set forth in these paragraphs of plaintiffs' FAC are denied.

424.

The allegations set forth in this paragraph of plaintiffs' FAC require no answer from the Dewan Defendants. However, out of an abundance of caution, said allegations are denied.

425.

The allegations set forth in the Prayer for Relief in plaintiffs' FAC are denied.

## AFFIRMATIVE DEFENSES

The Dewan Defendants hereby set forth their affirmative defenses as follows:

1.

This Court lacks personal jurisdiction over the Dewan Defendants.

2.

Plaintiffs have failed to state a claim upon which relief can by granted in connection with any and/or all of their claims or causes of action against the Dewan Defendants.

3.

This Court lacks subject matter jurisdiction over any and/or all claims or causes of action against the Dewan Defendants.

4.

Plaintiffs' claims and/or causes of action against the Dewan Defendants are barred by any applicable statute of limitations or prescriptive period.

5.

At all times pertinent hereto, the Dewan Defendants acted good faith and in a lawful manner in connection with their dealings and/or contracts with plaintiffs. At no time did the

Dewan Defendants or any of their employees intentionally or negligently mislead any of the plaintiffs in any manner.

6.

At all times pertinent hereto, the contracts entered into by the Dewan Defendants with plaintiffs were arms-length transactions under which either party could have refrained from becoming a signatory thereto prior to their execution.

7.

The fees charged by the Dewan Defendants to all plaintiffs for recruitment services were fair and reasonable.

8.

Plaintiffs have failed to plead fraud against the Dewan Defendants with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure

9.

Plaintiffs have not suffered any damages.

10.

Plaintiffs are barred from recovery due their own fraudulent conduct.

11.

Plaintiffs are solely at fault and/or negligent in causing any damages they may have suffered.

12.

Plaintiffs are comparatively negligent.

13.

The Dewan defendants are not liable for actions and/or omissions of any third parties over whom they reasonably relied to carry out and/or perform specific functions and tasks in good faith and/or third-parties whose advice and information was reasonably relied, when the Dewan Defendants exercised no authority or control over any of these third parties.

14.

Plaintiffs' claims are barred or reduced by the doctrine *in pari delicto*.

15.

Any damages suffered by plaintiffs (all of which are denied) should be offset by the benefits and income they received from Signal and/or which they could have received had they not left Signal's employ or performed acts which caused the termination of their employment with Signal, and/or which they have otherwise received while working in the United States.

16.

Plaintiffs have failed to mitigate their damages.

17.

The Dewan Defendants hereby adopt and incorporate all affirmative defenses asserted by any other party to the extent applicable. Further, the Dewan Defendants reserve the right to amend and/or supplement this Answer. Finally, the Dewan Defendants demand a jury trial.

WHEREFORE, Sachin Dewan and Dewan Consultants Pvt. Ltd. pray that this Answer to Plaintiffs' First Amended Complaint be deemed good and sufficient, and that after due proceedings, including a jury trial of this matter, there be Judgment herein in their favor

dismissing all claims against them with prejudice; for a Judgment in their favor for all attorney's fees and costs incurred by them in the defense of this matter; and for all general and equitable relief to which they may be entitled.

                                              Respectfully submitted;

                                              /s/ *Stephen H. Shapiro*
                                              STEPHEN H. SHAPIRO (#21076)
                                              Attorney at Law
                                              A Limited Liability Company
                                              700 Camp Street
                                              New Orleans, LA 70130
                                              Telephone:  (504) 309-8442
                                              E-mail:  steve@shapirolaw-nola.com

                                              **Counsel for Sachin Dewan and**
                                              **Dewan Consultants Pvt. Ltd.**

## CERTIFICATE OF SERVICE

     I hereby certify that this Answer to Marimuthu Plaintiffs' First Amended Complaint on Behalf of Sachin Dewan and Dewan Consultants Pvt. Ltd. has been filed electronically using this Court's ECF system, and therefore has been served on all counsel of record by electronic transmission or by means which this Court has deemed necessary and appropriate on this 30th day of September 2014.

                                              /s/ *Stephen H. Shapiro*
                                              Stephen H. Shapiro